KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—September, 1882.

MATTER OF LANGBEIN.

*In the matter of the estate of* JOHN LANGBEIN, *deceased.*

Code Civ. Pro., § 2695, which relates to the grant of ancillary letters on foreign probate, applying only to wills of personal property, it is not necessary upon an application under that section, to show that the will in question was executed according to the laws of this State.

It is not indispensable, to a grant of such letters, that letters testamentary should have been granted upon the will, in the state where it was admitted, but the petition must show that the Surrogate has jurisdiction, within the provisions of Code Civ. Pro., § 2476.

In order to justify the recording, pursuant to Code Civ. Pro., § 2703, of a will of real property, executed by a resident of another state or territory, the proofs taken on the foreign probate must show that the will was executed according to the laws of this State.

Accordingly, where the witnesses, on the probate of such a will of real property before the Register in Philadelphia, where the will was proved, were described in the record as subscribing witnesses, but it did not appear that they signed the will as such, at the request of the testator,—

*Held,* that the will could not be recorded under the last named section; and that the defect was not cured by their appearing before such officer,

and testifying to such fact, several months after the admission of the will, as such testimony formed no part of the proof on which probate was granted.

JACOB LANGBEIN and Joseph Braun, residing in the city of Brooklyn, presented a petition alleging that, on March 31st, 1882, decedent's will and codicil, naming petitioners as executors, were admitted to probate in Pennsylvania, where they were executed, and where testator resided at the time of the execution; that they were recorded in that state, and that no letters testamentary had been granted thereon because testator left no real or personal property in that state, and praying that the will and codicil be admitted, and for ancillary letters testamentary, and for a citation. An exemplified copy of the record was annexed to the petition. They also applied to have the will and codicil recorded as a foreign will of real estate. Further facts are stated in the opinion.

GEORGE GRU, *for the application.*

THE SURROGATE.—The application for ancillary letters testamentary under § 2695 of the Code will first be considered.

That section applies only to a will of *personal* property, and it is not necessary, therefore, that it should appear that the will was executed according to the laws of this State.

No letters testamentary were issued in the state of Pennsylvania, where the said will and codicil were admitted to probate; but that does not seem to be indispensable (*In re* Wise, *Ms. Op. in this court* [June 8th, 1881]). The petition, however, on which the application is made,

must show that the Surrogate's court to which it is presented has jurisdiction of the estate of the testator (Code, § 2695). The petition does not state whether the testator died within or without the State, or, if he died without the State, that he left personal property within the county of Kings *and no other*, or left personal property which has, since his death, come into that county and no other, and *remains unadministered* (Code, § 2476).

As a will of real estate, before an exemplified copy of it can be recorded here, it must appear that it was executed according to the laws of this State (Code, § 2694, 2703; Estate of Shearer, *1 Civ. Pro. R., 455*).

This is in conformity with the well settled principle of law, adopted in the above sections of the Code, that a foreign will, disposing of real estate situated here, must be proved to have been executed according to the laws of this State. Consequently, it is provided that an exemplified copy of the proofs on which the will was admitted to probate, if there be any, must be recorded in the Surrogate's office, with the exemplified copy of the will (Code, § 2703), which, as we have said, is not the case in regard to a will of *personal* property (Code, § 2695); and the record, in the Surrogate's office, of the exemplified copy of the foreign probate is made presumptive evidence of the will and of the *execution* thereof, in any action or special proceeding relating to the real property (Code, § 2703). The record of the foreign probate in the Surrogate's office is thus made equivalent to proving the will here (Bromley v. Miller, *2 T. & C., 575*).

It is clear, therefore, from all these provisions, that the proofs taken on the foreign probate, if any have been recorded or filed, must show that the will was executed

according to the laws of this State (see Throop's note to § 2703). It is true that this same section (2703) provides that, where neither proofs nor a certificate of the substance of the testimony is on file or recorded in the foreign court by which the will was admitted to probate, a certificate of that fact may be recorded with the Surrogate; and it very inconsistently gives to such certificate the same effect as to the recording of a certificate of the substance of the testimony, or of an exemplified copy of the testimony.

It may be that, in such a case, a sworn allegation that the will was duly executed under the laws of this State, accompanied by the exemplified copy of the foreign probate and the certificate of no proof, would be sufficient to entitle said copy of probate and certificate to be recorded here under § 2703; but in the case at bar, the testimony on which the will was admitted to probate was duly recorded; it speaks for itself, and we are not at liberty to presume anything as to the execution of the will, or to look elsewhere than into said testimony, for evidence of the manner in which it was executed.

The testimony of the witnesses before the Register in Philadelphia, on the probate of the will, does not establish the fact that it was executed according to the laws of this State; the witnesses are described in the record as subscribing witnesses, but they do not testify that they signed the will as witnesses at the request of the testator, or that they signed the will at all (Estate of Shearer, *supra*).

The will was admitted to probate on March 31st, 1882. Several months later, on July 3d, 1882, the witnesses again appeared before the Register, and testified, among

other things, that they signed their names as witnesses to the will at the request of the testator, but, as will be perceived, this testimony forms no part of the proof on which the will was admitted to probate; it is not, therefore, entitled to be recorded under § 2703 of the Code, as presumptive evidence on the subject of the execution of the will, and cannot be so considered.

There are other objections relating to the exemplification of the record; but it is unnecessary to consider them, as the application to record the exemplified copy of the foreign probate under § 2703 must be denied.

Ordered accordingly.